[Crim. No. 29981. Second Dist., Div. One. July 27, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL GENE CHAPMAN, Defendant and Appellant.

**COUNSEL**

Richard B. Lombardi, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Convicted after a jury trial of taking an automobile without consent with intent to deprive the owner of title or possession, defendant asserts three interrelated contentions on appeal. He claims: (1) the trial court erred in denying his motion for dismissal at the conclusion of the prosecution's case for failure of the evidence to establish that the requisite specific intent for the crime was formed in California; (2) there is a failure of substantial evidence for the same reason; and (3) the trial court, in response to a jury inquiry, erroneously instructed that the required specific intent could have been formed after the date alleged in the information, thus permitting the jury to conclude on the evidence that defendant could be found guilty although the intent was not formed within California.

We conclude that, although there is substantial evidence in the prosecution's case that defendant possessed the requisite specific intent within California, the jury instruction was prejudicially erroneous. Accordingly, we reverse the judgment.

### Facts

On April 23, 1976, defendant rented a 1976 Gremlin automobile from Budget Rent-A-Car in Santa Barbara, giving an address not his in the rental agreement. The rental was for a period of three days expiring April 26. Defendant did not return the car on the 26th. On April 28, Budget Rent-A-Car received a letter from defendant postmarked Barstow, California, but with no return address. The letter stated that defendant would not be able to return the automobile on time and asked that the rental agreement be extended to April 30. Budget Rent-A-Car filed a stolen car report with the police. On May 28, 1976, defendant was arrested in possession of the Gremlin in Fort Collins, Colorado.

Defendant was charged with violating Vehicle Code section 10851 and was tried to a jury. His defense was that he had been unexpectedly called to Indiana by the illness of his mother, had driven the Gremlin in the direction of Indiana believing that he had extended the rental period, and had intended to return the car, an intent which was frustrated when, on April 27, defendant lost most of his money in Las Vegas.

The jury was instructed on the elements of the crime of the unlawful taking of an automobile without consent and with intent to deprive

another of its title or possession. The trial court informed the jury that the crime required "a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator and unless such specific intent exists the crime to which it relates is not committed." The jury was instructed that "In the crime of unlawful taking of a vehicle, the necessary specific intent is to either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle."

The jury, after retiring, requested further instructions regarding specific intent and reasonable doubt, and asked that the charge and Vehicle Code section 10851 be read. It asked, also, whether it was necessary to establish the requisite specific intent on or before April 26 or if the intent could be established at a later date. Outside of the jury's presence, the court informed counsel of its intention to read section 10851, to reinstruct on the concurrence of the act and specific intent, to reinstruct on the manner in which intent may be shown, on the sufficiency of circumstantial evidence to prove specific intent, and on reasonable doubt. The court informed counsel that it intended to instruct the jury that defendant could be found guilty although the specific intent was not formed until after April 26. Defense counsel objected to the latter instruction.

The trial court reread the information to the jury and instructed in the fashion it had informed counsel. It refused an instruction offered by the defendant on the defense of inability to return the automobile.

Having been reinstructed, the jury returned its verdict of guilty. This appeal from the resulting judgment followed.

### Territorial Jurisdiction

Penal Code section 778a states: "Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of such intent, which culminates in the commission of a crime, either within or without this state such person is punishable for such crime in this state in the same manner as if the same had been committed entirely within this state." (See also Pen. Code, § 27, subd. 1.) ■ Section 778a is strictly construed so that California lacks territorial jurisdiction to prosecute a crime consummated outside the state unless the acts within it are sufficient to constitute a criminal attempt. (*People* v. *Buffum* (1953) 40 Cal.2d 709, 716 [256 P.2d 317]; *People* v. *Utter* (1972) 24 Cal.App.3d 535, 549-550 [101 Cal.Rptr. 214].)

■ Penal Code section 781 provides that where a public offense is committed part in one jurisdictional territory within California and in part within another within the state a competent court within either jurisdictional territory has jurisdiction over the offense. In contrast to Penal Code section 778a, section 781 is liberally construed to vest jurisdictional venue in the court of a county where only preliminary acts leading to the commission of a crime in another territorial jurisdiction of California occur. (*People* v. *Powell* (1974) 40 Cal.App.3d 107, 119 [115 Cal.Rptr. 109].)

### Substantial Evidence

■ The record of the case at bench contains evidence supporting the reasonable inference that the defendant either entered into the rental arrangement intending at that time to deprive Budget Rent-A-Car of possession at the termination of the rental period without its consent or that the necessary specific intent arose in Barstow. The first inference is supported by defendant's general course of conduct and the address given by him on the rental contract. The second finds support in treatment of the letter from Barstow as a device to gain time while defendant accomplished his scheme.

Because the evidence supports an inference of the necessary union of specific intent and act within California, section 778a is satisfied. Because the preliminary act of taking the automobile occurred in Santa Barbara, the court of that county was a proper venue for the prosecution although the intent may have arisen in Barstow.

### Jury Instruction

■ The instructions given the jury in response to its request are another matter. Whatever may have been the strength of the prosecution's case, the defense evidence developed the proposition that defendant's specific intent arose when he lost his money in Las Vegas since to that point he believed that he had properly sought an extension of the rental period. Defendant was entitled to jury instructions which did not preclude consideration of a theory of defense disclosed by his evidence.

In the context in which the jury presented its inquiry to the trial judge, the supplemental instruction to the effect that the necessary union of act and specific intent could have occurred after April 26 was erroneous. It precluded the jury's consideration of a defense theory which would have

established that California lacked territorial jurisdiction over the offense. If in fact defendant's evidence were believed so that his specific intent to deprive Budget Rent-A-Car of the Gremlin did not arise until he was in Las Vegas, then California lacked territorial jurisdiction to prosecute defendant for the offense charged. No attempt would have occurred until that time, and section 778a itself requires an act in California with intent to commit a crime. Because the evidence before the jury emphasized the interrelation of the April 26 date when the car was last in California and the April 27 date when defendant and the automobile were in Las Vegas, an instruction that the necessary intent could have been formed after April 26 was in effect an instruction that defendant could be found guilty although the intent first arose outside of California.

The supplemental instruction thus permitted the jury to find defendant guilty based upon a union of conduct and intent that did not constitute a crime in California. Despite the strength of the prosecution's case and the weakness of the evidence supporting the defense, that error in instructions "itself is a miscarriage of justice within the meaning of [article VI, section 13 of the California Constitution]." *(People* v. *Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33], disapproved on unrelated grounds in *People* v. *Morse* (1964) 60 Cal.2d 631, 649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810], but reaffirmed on this proposition in *People* v. *Sedeno* (1974) 10 Cal.3d 703, 720 [112 Cal.Rptr. 1, 518 P.2d 913].)

In sum, we conclude that in the context of the case at bench the trial court. misinstructed the jury in a fashion which cannot be saved by the harmless error rule.

*Disposition*

The judgment is reversed.

Lillie, Acting P. J., and Hanson, J., concurred.